UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDA SUE HARDIN,

        Petitioner,

v.                                                  Case Number: 07-14541
                                                   Honorable Patrick J. Duggan

CLARICE STOVALL,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 15, 2010.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT COURT JUDGE

Petitioner Ronda Sue Hardin ("Petitioner"), a state inmate currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan,[1] has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting

---

[1] Petitioner was incarcerated at the Robert Scott Correctional Facility when she originally filed her petition for writ of habeas corpus; however, she has since been transferred to the Huron Valley Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rules Governing § 2254 Cases; see also *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

that she is being held in violation of her constitutional rights. Following a bench trial, an Oakland County Circuit Court judge found Petitioner guilty of two counts of assault with intent to rob while armed, Mich. Comp. Laws Ann. § 750.89. The state trial court sentenced Petitioner to concurrent terms of 81 months to 25 years in prison. In her habeas petition, Petitioner argues that she is entitled to a new trial because of newly-discovered evidence, that her appellate counsel was unconstitutionally ineffective for failing to raise the newly-discovered evidence on direct appeal, and that she was improperly sentenced under the Michigan Sentencing Guidelines. For the reasons set forth below, this Court denies the petition for a writ of habeas corpus.

## I. Factual and Procedural Background

Petitioner drove the getaway car for her co-defendant Ronald Cannizzaro, who robbed two men at gunpoint as they left the Flamingo Bar in Pontiac, Michigan, on May 5, 2003. Officer Sherry McKinney retrieved the gun used in the offense and testified that it was an airgun. After an October 2003 bench trial, the judge convicted and sentenced Petitioner for aiding and abetting Cannizzaro's assault with intent to rob while armed.

After sentencing, Petitioner, represented by appointed counsel, filed a timely brief raising a single issue regarding the scoring of an offense variable under the Michigan Sentencing Guidelines. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Hardin*, No. 252552, 2005 WL 1412945 (Mich. Ct. App. June 16, 2005) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising the same issue she raised in the Court of Appeals.

2

The Michigan Supreme Court affirmed. *People v. Hardin*, 474 Mich. 946, 706 N.W.2d 200 (2005).

Petitioner retained new counsel and on December 2, 2005, filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 in which she argued that her convictions should be set aside because of newly-discovered evidence. The evidence related to the post-sentencing discovery of a large brain tumor by Petitioner's prison doctors. Petitioner underwent brain surgery on December 31, 2003, to remove the benign growth. In her post-conviction motion and supporting affidavit, Petitioner generally asserted that the tumor, which was located in her right frontal lobe, interfered with her ability to exercise judgment and her ability to exercise self control at the time of the offense. She attached a letter from her neurosurgeon to support her representations and her request for relief. As an alternative to her primary request for a new trial, Petitioner requested referrals for forensic examinations to determine criminal responsibility and competency.

The trial court denied the motion. It found that Petitioner had failed to demonstrate cause for failing to raise the issue in her direct appeal because she knew about the medical condition at the time she filed her direct appeals. (Mot. Hrg. Tr. at 11 (1/11/06).) At the hearing, the state argued:

> [E]ven though the fact of the cause of her mental state may be newly discovered, the existence of a mental state equivalent to mental illness or insanity would not have been newly discovered. However, even assuming that defendant could demonstrate good cause for failure to raise these issues on direct appeal, defendant has to demonstrate actual prejudice. And, defendant can not only speculate, defendant has to show that the result at trial would have changed. And, we look at defendant's appendices, and as defendant even – defense counsel even admits, right now we're merely speculating.

3

>    And, defendant's own affidavit does not support an insanity defense at all. She just said headaches and her medication affected her thought processes in an undefined manner. She doesn't indicate how her thought processes were implicated. She doesn't indicate that she committed the act but was unable to stop herself, or she willingly assisted her co-defendant in the armed robbery but did not know her conduct was wrong due to mental illness.
>
>    And, we go to the neurologist letter, first of all, we doubt his competency in being able to assess whether defendant did indeed have a recognized mental illness, or a mental illness that would reach the level of insanity. However, as I stated, without an indication from defendant how she alleges her mental processes impacted her behavior, the neurologist's letter is mere speculation.
>
>    And, even if defendant had a mental illness which would have app – impaired her ability to reason and think and make judgments, it doesn't mean she reached the level of insanity. And, defendant has to show . . . that [s]he could show that. . . .
>
>    . . . .
>
>    Now, defendant through the letter of the . . . neurologist seems to indicate that perhaps defendant was operating under a diminished capacity, in that she couldn't perhaps form the specific intent to aide and abet because she had the disability, and being able to judge the credibility of her co-defendants. Now, this is a brand of diminished capacity that the Supreme Court in People v Carpenter, [464 Mich. 223, 627 N.W.2d 276 (2001),] states cannot form a basis for the defense. So, we would submit that defendant has the burden, especially since it's a motion for post-conviction relief, that the result would have changed. And, defendant has failed to do so.

(*Id.* at 7-10.) The court concluded that Petitioner failed to demonstrate actual prejudice. (*Id.* at 11-12.) "Actual prejudice means but for the error, or in this case the medical condition, defendant would have had a reasonably likely chance of acquittal. That the irregularity was so offensive to the maintenance of justice that the conviction should not stand . . . . Defendant has failed to show any of the noted factors or any other reason justifying relief from this Court." (*Id.* at 12.)

4

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals in which she raised two claims. First, she argued that she was entitled to a new trial because of the newly-discovered evidence that she had a brain tumor at the time she committed the offense, at trial, and at sentencing. Second, she argued that her appellate attorney provided constitutionally ineffective assistance in failing raise this issue on direct appeal. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Hardin*, No. 274820 (Mich. Ct. App. May 21, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which it denied for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Hardin*, 480 Mich. 891, 738 N.W.2d 716 (2007). In October 2007, Petitioner filed a timely petition for a federal writ of habeas corpus on the same grounds as he raised in the state courts.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if she can show that the state court's adjudication of her claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the

5

Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. 1523. A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003).

### III. Discussion

### A. Improper Scoring of Offense Variable

In Claim I, Petitioner argues that the state trial court improperly scored an offense variable ("OV") when calculating her sentence under the Michigan Sentencing Guidelines. She challenges the scoring of OV-1 for aggravated use of a weapon which adds fifteen points to a sentencing score for pointing a firearm at or toward a victim. *See* Mich. Comp. Laws Ann. § 777.31(c). Petitioner asserts that the trial court should not have assessed points under OV-1 because the weapon used – an air gun– is not a

6

"firearm" within the meaning of the statute.  The trial court heard and rejected Petitioner's challenges to the scoring of OV-1 at a sentencing hearing held on November 5, 2003.  (Sent. Tr. at 4 - 13 (Oct. 14, 2002).)  The Michigan Court of Appeals affirmed the trial court on this issue.  *Hardin*, No. 252552, 2005 WL 1412945 at *1.

The scoring of OV-1 was purely a matter of state law.  A habeas petitioner's claim that the trial court violated state law in sentencing or misapplied state sentencing guidelines raises only issues of state law which are not cognizable on federal habeas review.  *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991)).  Therefore claim I does not entitle Petitioner to habeas relief.

### B.  Denial of New Trial Based Upon Newly-Discovered Evidence

In Claim II, Petitioner argues that the state trial court wrongfully denied her post-conviction motion for a new trial based upon newly-discovered evidence.  The State responds that this claim is procedurally defaulted because Petitioner raised it for the first time in her post-conviction motion for relief from judgment and has not shown cause for failing to raise the issue in her appeal of right, or actual prejudice from the alleged violation, as required by Michigan Court Rule 6.508(D)(3).

"[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."  *Hudson v. Jones,* 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary,* 520 U.S. 518, 525, 117 S. Ct. 1517, 1523-24 (1997)). "Judicial economy might counsel giving the [other] question priority, for

example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue [may] involve[] complicated issues of state law." *Lambrix,* 520 U.S. at 525, 117 S. Ct. at 1523; *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

In the present case, Petitioner is not claiming that the evidence relating to her brain tumor renders her innocent. She instead makes amorphous arguments regarding how the tumor interfered with her judgment and impulse control at the time of the offense and at trial, while at the same time claiming she is not asserting a defense of criminal insanity or diminished capacity. The following passage is illustrative: "[Petitioner] is not attempting to claim insanity or diminished capacity. [Petitioner]'s brain tumor is an abnormality that unquestionably interfered with her ability to make rational law-abiding decisions and it is a[] physical and mental abnormality that [Petitioner] can not be held responsible for." (Att. A to Pet. at 4.) Even if Petitioner were claiming actual innocence, however, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993).

Petitioner's claim challenging the trial court's denial of her post-conviction motion is not cognizable on federal habeas review. *Monroe v. Smith*, 197 F. Supp. 2d 753, 763 (E.D. Mich. 2001) ("A claim that a habeas petitioner is entitled to relief based upon the

failure of a state trial judge to grant him a trial on the basis of newly discovered evidence is not cognizable in a habeas proceeding."). Claims that a state trial judge failed to comply with state law requirements are matters of state law and are not cognizable on habeas review. *Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir. 1986). As one court explained:

> The criteria for a trial court in granting or denying a new trial are matters of state law. As such, an incorrect application would not be grounds for federal habeas relief, unless the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."

*Ward v. Wolff*, 499 F.Supp. 1129, 1131 (D. Nev. 1980) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962)).

The trial judge heard and considered the evidence of Petitioner's unfortunate medical condition. The evidence did not support a viable affirmative defense. The court found that evidence of the discovery of the brain tumor would not have altered the outcome of the proceedings and that there was no reasonably likely chance of acquittal. The ruling did not result in a miscarriage of justice. Petitioner is not entitled to habeas relief on Claim II.

### C. Ineffective Assistance of Appellate Counsel

In Petitioner's final claim, she argues that her appellate counsel was constitutionally ineffective for failing to raise the newly-discovered evidence in her direct appeal. The Sixth Amendment guarantees the accused in a criminal proceeding the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Strickland* established a two-part test for evaluating claims of ineffective assistance. First, a defendant must show that counsel's performance was

9

deficient by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S. Ct. at 2064. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 1068. "The Court provided little guidance concerning the degree of certainty needed to show 'reasonable probability' of differing results, but at very least a defendant must make more than merely speculative assertions." *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985). The first prong of *Strickland* – deficient performance – need not be addressed if the second prong – prejudice – is lacking. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S. Ct. 830, 836 (1985).

A criminal defendant has no constitutional right to demand that appellate counsel raise every non-frivolous issue on appeal if counsel makes a professional judgment not to present such issues. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). Although appellate counsel need not raise every non-frivolous issue on appeal, counsel may be deemed ineffective for omitting a "dead bang winner," i.e., an issue obvious from the trial record which would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003). In challenging the work of appellate counsel, a petitioner must show that the claims appellate counsel failed to

raise would have succeeded on appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86, 120 S. Ct. 746, 764 (2000) (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

Petitioner has not identified a "dead bang winner." As discussed above, Petitioner failed to demonstrate that her claim for a new trial based upon newly-discovered evidence would have succeeded on appeal. She therefore cannot establish prejudice under *Strickland* for appellate counsel's decision not to raise it. Because Petitioner cannot meet her burden of showing prejudice under the *Strickland* test, the state court decisions on this issue were neither contrary to clearly established federal law nor based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner is therefore not entitled to habeas relief on Claim III.

## IV. Certificate of Appealability and In Forma Pauperis Status

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this standard, the court may not conduct a full merits review, but

must limit its examination to a threshold inquiry into the merits of the claims. *Id.* at 336-37, 123 S. Ct. at 1039.

Having considered the matter, the Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. The Court therefore **DENIES** a certificate of appealability on all claims. The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). The Court therefore **DENIES** leave to proceed *in forma pauperis* on appeal.

### V. Conclusion

For the reasons set forth above, the Court concludes that Petitioner is not entitled to habeas relief based on the claims set forth in her petition.

Accordingly,

**IT IS ORDERED** that Petitioner's application for a writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability and Leave to Proceed in forma pauperis on appeal are **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies To:
Ronda Hardin, #475231
Women's Huron Valley Correctional Facility
3201 Bemis Road
Ypsilanti, Michigan 48197

Andrew L.Shirvell, Esq.